

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of
Public Instruction
Austin, Texas

Dear Dr. Woods:

Opinion No. O-4922

Re: Matter of the Board of Control's
duty to cancel requisition EDU-
325-V, electric fan, under facts
stated.

We acknowledge receipt of your letter, above subject
matter, as follows:

"This has reference to our letter of August 18
addressed to the Honorable Tom DeBerry, Member of
the State Board of Control, Austin, Texas, request-
ing the cancellation of our requisition EDU-325-V,
16" electric fan. This type of fan was on contract
with Smith-Perry Electric Company. The said company
was unable to deliver on this contract because of
government regulations and conditions brought about
by the war. The reason for canceling the above
mentioned requisition is explained in our letter of
August 18, a copy of which was directed to your of-
fice.

"Briefly, the Board of Control authorized this
office to purchase a 16" fan when it was certain
that the Smith-Perry Electric Co. could not deliver
on our contract. The Board of Control issued the
purchase order on the second fan, and this purchase
order over-encumbered our General Revenue Fund appro-
priation C-1073. If our requisition No. EDU-325-V
had been canceled, there would be sufficient funds
in this appropriation to pay for the fan that was
actually delivered by the Walter Tips Company of

Austin, Texas, on our requisition No. EDU-350-V. There is no other appropriation out of which this fan may be paid for. This office respectfully requests your official opinion in order that we may have our requisition EDU-325-V legally canceled and the obligation liquidated so far as our appropriation C-1073 is concerned.

"We believe that your opinion No. O-3708 permits the Board of Control to cancel our requisition EDU-325-V, but so far we have been unable to have the Board of Control take any action on our request."

Our opinion No. O-3708 referred to by you, which was addressed to Honorable Tom DeBerry, member of the Board of Control, does not purport to answer the precise question now put by you. Its reasoning is pertinent to your question, but not decisive.

The purpose of requisitions and commitments against specific appropriations is a wholesome one, and serves as a check and double check against the danger of possible liabilities exceeding the appropriation.

We see no reason, however, why a requisition commitment, which has become a tentative charge against the appropriation, should not be cancelled in the manner you suggest, where it is apparent to all parties concerned that the purchase contemplated can not in any event be consummated by delivery. Undoubtedly, such a cancellation or release would serve the useful purpose of making actually available the entire appropriation. Any other procedure would serve no useful purpose, and would in some measure thwart the legislative will in making the appropriation. We think, assuming the fact above stated to be true and complete, the release or cancellation of the commitment should be requested by the Board of Control.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED OCT 20, 1942

OS-LR

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN